IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HORACE STOKES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV785 |
| | ) | |
| SHAVER, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on two motions—a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants Deputies Shaver, T.W. Whitaker, and L. Escue (Docket Entry 10), and a separate Rule 12(b)(6) motion to dismiss filed by Defendant Deputy D.P. McGuire (Docket Entry 14). Plaintiff Horace Stokes, Jr. has responded to Defendants' motions. (Docket Entry 17.) For the following reasons, the undersigned recommends that Defendants' motions to dismiss be granted. Further, to the extent Plaintiff requests an extension of time to file a "proper response" to Defendants' motions to dismiss, the request will be denied.

## I. BACKGROUND

Plaintiff, a *pro se* pretrial detainee proceeding *in forma pauperis*, initiated this action pursuant to 42 U.S.C. § 1983 on October 12, 2021. (Compl., Docket Entry 2; *see also* Docket Entries 1, 3.) In the complaint, Plaintiff contends Defendants, employed at the Forsyth County Sheriff's Office, violated his Eighth Amendment rights by denying him "use of the

restroom" while held as a pretrial detainee at the Hall of Justice Courthouse, and subsequently detained at the Forsyth County Law Enforcement Detention Center (FCLEDC). (*See generally* Compl.)

Specifically, Plaintiff alleges that on December 2, 2019, at approximately 8:00 a.m. Defendants placed him in a holding cell at the Hall of Justice Courthouse, and then left him in the holding cell "fully restrained by cuffs on [his] wrists and ankles for over three hours." (*Id.* at 4-7.)[1] Plaintiff further states that due to being "restrained" he was unable to use the bathroom for over three hours, and as a result, he urinated and defecated on himself, causing him to be "humiliated and traumatized." (*Id.* at 8-9.) He also states that he is diabetic, has "issues" using the bathroom, and has "sudden onset urges" to use the bathroom. (*Id.* at 9.) Plaintiff further alleges that Defendants denied him "welfare checks," as they did not check on him until hours later when another detainee was brought into the holding cell. (*Id.* at 5-6, 8.) Additionally, he alleges that Defendants were in "dereliction of duty and negligent" when they left him restrained in the holding cell for over "three hours." (*Id.* at 5.) Plaintiff also states that there was a camera in the holding cell that captured the December 2 events. (*Id.* at 6.) For relief, Plaintiff seeks damages for "pain and suffering" from Defendants in their official capacities only. (*Id.* at 2, 3, 7.)

Defendants Shaver, Whitaker, and Escue were served on February 1, 2022, and they filed their motion to dismiss and supporting brief, in lieu of an answer, on February 15, 2022. (Docket Entries 8, 10, 11.) Defendant McGuire was served on February 2, 2022, and he filed

---

[1] Unless otherwise noted, all citations in this order and recommendation to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

his motion to dismiss and supporting brief, in lieu of an answer, on February 17, 2022. (Docket Entries 14, 15, 18.) The Clerk of Court issued two *Roseboro* letters to Plaintiff advising him of his right to respond to Defendants' motions to dismiss. (*See* Docket Entries 12, 16.) Subsequently, on March 7, 2022, Plaintiff filed a document docketed as a "response" to Defendant McGuire's motion to dismiss. (Docket Entry 17.) In the document, Plaintiff states that he would "like to request from the courts a continuation of [his] right to a proper response," because he was "in the process of obtaining the legal affidavit documents of the witness statements in favor of [his] claim out of [his] personal property" at the FCLEDC, as those documents were "vital to a proper response to counter the motion to dismiss[]." (*Id.*) Plaintiff attached several documents to his "request," including an inmate grievance form requesting the release of a "white bag" that contained numerous documents pertaining to his "pending charges," such as "datebooks 2018, 2019, 2020," "witness names," and "8 pages of pending case." (*See* Docket Entry 17-1.)

## II. DISCUSSION

### A. Defendants' Motions to Dismiss

Defendants contend that Plaintiff's complaint fails to state a claim upon which relief can be granted. (Docket Entries 10, 11, 14, 15.) A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of . . . factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* at 555 (internal citations omitted).

4

*Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not fantasy," and the Court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998).

In the present case, Defendants argue that (1) Plaintiff's complaint fails to state a claim against them because he fails to identify a policy or custom; (2) he only complains of one isolated incident; (3) he did not allege facts that illustrate Defendants both knew of and consciously disregarded a substantial risk of harm, as the harm Plaintiff alleges amounts to a mere temporary deprivation of bathroom facilities that does not rise to the level of an Eighth Amendment violation; and (4) he fails to allege that any injury resulted from the temporary deprivation of bathroom facilities, as his allegations of humiliation did not rise to the level of a serious or significant emotional injury. (*See generally* Docket Entries 11, 15.)

Upon further review, the undersigned concludes that Plaintiff's complaint fails to state a claim against Defendants. As stated above, to survive a motion to dismiss, a plaintiff's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555. Additionally, a plaintiff suing government officials in their official capacities, "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). However, a governmental entity is only liable if a policy or custom of that entity played a part in the violation of federal law. *Pratt-Miller v. Arthur*, 701 F. App'x 191, 193 (4th Cir. 2017) (unpublished per curiam). In keeping with these principles, Plaintiff's official-capacity claims against Defendants are actually claims against the Forsyth County

5

Sheriff's Office. *McNeill v. Scott*, No. 1:09CV698, 2015 WL 4946542, at *7 (M.D.N.C. Aug. 19, 2015) (unpublished), *report and recommendation adopted*, 2015 WL 5599194 (M.D.N.C. Sept. 22, 2015) (unpublished). As such, Plaintiff fails to state official-capacity claims against Defendants, given that he does not make allegations suggesting that a Forsyth County Sheriff's Office policy or custom caused him to be kept in restraints for over three hours in a holding cell without the ability to use the bathroom. (*See generally* Compl.) Therefore, Defendants' motions to dismiss should be granted for this reason.

Additionally, even assuming Plaintiff named Defendants in their individual capacities, he nonetheless fails to state a claim for the following reasons. First, because Plaintiff was a pretrial detainee at the time of the events alleged in his complaint, and to the extent he raises a claim for deliberate indifference related to his conditions of confinement, it would be evaluated "under the Due Process Clause of the Fourteenth Amendment." *Durand v. Charles*, No. 1:16CV86, 2016 WL 7495811, at *3 (M.D.N.C. Dec. 30, 2016) (unpublished) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)), *report and recommendation adopted*, 2017 WL 389108 (M.D.N.C. Jan. 26, 2017) (unpublished). "The due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). "As a practical matter, the Due Process Clause analysis is materially indistinguishable from the Eighth Amendment analysis." *Adams v. New Hanover Cnty. Det. Ctr.*, No. 5:16CT3020, 2017 WL 7513347, at *2 (E.D.N.C. June 30, 2017) (unpublished order). Thus, for Plaintiff to establish a prima facie case that his pretrial confinement conditions violate the Due Process Clause, he "must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the

6

part of prison officials." *Id.* The first showing requires the court to determine whether the deprivation of the basic human need was objectively sufficiently serious; and the second showing requires the court to determine whether subjectively the officials acted with a sufficiently culpable state of mind. *Id.* To satisfy the subjective prong, a plaintiff must allege that the official acted with deliberate indifference, meaning that the official actually knows of and disregards an objectively serious condition or risk of harm. *Id.*

"[W]hen the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs . . . it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989). Therefore, "Eighth Amendment cases are instructive in analyzing pretrial detainees' claims of deliberate indifference and unconstitutional conditions of confinement." *Aiken v. Hall*, No. 1:17CV97, 2017 WL 5985940, at *2 (W.D.N.C. Dec. 1, 2017) (unpublished).

"Although persons in custody have no constitutional right to use the bathroom whenever they please, 'reasonably adequate sanitation and the ability to eliminate and dispose of one's bodily wastes without unreasonably risking contamination are basic identifiable human needs.'" *Hooks v. Chapman*, No. 0:12-2416, 2012 WL 6674494, at *2 (D.S.C. Nov. 30, 2012) (unpublished) (citation omitted), *report and recommendation adopted*, 2012 WL 6674491 (D.S.C. Dec. 21, 2012) (unpublished). Thus, subjecting a prisoner to a lack of sanitation that is severe or prolonged can rise to the level of a serious deprivation of a basic human need. *Hooks*, 2012 WL 6674491, at *1. However, courts have generally found, that a "temporary

7

deprivation of bathroom facilities," even when it resulted in the prisoner soiling himself, did not rise to the level of an Eighth Amendment violation. *Hooks*, 2012 WL 6674494, at *2-3 (collecting cases); *see also Baker v. Clarke*, No. 7:20CV204, 2020 WL 3422198, at *2 (W.D. Va. June 22, 2020) (collecting cases).

Specifically, a prisoner that alleged on a single date officers left him in his cell in handcuffs, unable to use the bathroom, and as a result, he urinated on himself, and was not given a clean jumpsuit until later that same day, while undoubtedly uncomfortable, failed to allege the deprivation of a human need and the officers conduct did not amount to deliberate indifference to an excessive risk of harm that runs afoul of the Eighth Amendment. *Hooks*, 2012 WL 6674494, at *1, 3. Similarly, a prisoner failed to state a plausible Eighth Amendment claim when he only complained of one isolated incident where he was deprived of bathroom facilities for two-hours because he was in restraints, and during which he urinated on his jumpsuit twice before appearing in court. *Davis v. Watson*, No. 2:15CV146, 2015 WL 13049846, at *1-3 (E.D. Va. Nov. 17, 2015) (unpublished dismissal order).

Here, Plaintiff's complaint only alleges that on December 2, 2019, Defendants denied him the ability to use the bathroom for over three hours by keeping his wrists and ankles in restraints while he was in a holding cell, and as a result, he urinated and defecated on himself. (*See generally* Compl.) Thus, even though he alleges he was deprived of using the bathroom—an identifiable basic human need—he nonetheless fails to allege the deprivation was sufficiently serious, given that he only alleges Defendants, on a single date, temporarily denied him the ability to use the bathroom, which as stated above, courts have consistently held is

insufficient to state a constitutional violation. *Hooks*, 2012 WL 6674494, at *2-3 (collecting cases); *see also Baker*, 2020 WL 3422198, at *2 (collecting cases).

Furthermore, even assuming Plaintiff could show that having to wait over three hours to use the bathroom because he was in restraints was a sufficiently serious deprivation, he nonetheless does not allege Defendants acted with deliberate indifference, given that he alleges Defendants were merely "negligent" when they left him in restraints and failed to check on him in the holding cell for over three hours, and he did not allege Defendants knew of his "issues" and "onset urges" using the bathroom, (Compl. at 5-6, 8-9). *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (noting that deliberate indifference entails something more than mere negligence).

Additionally, Plaintiff seeks only damages for relief based purely on alleged emotional injuries, specifically for being "humiliated and traumatized" as a result of the December 2 incident. (Compl. at 7, 9.) However, 42 U.S.C. § 1997e(e) states that "no federal civil action may be brought by a prisoner confined in a jail . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff does not allege that any physical injury resulted from the three-hour deprivation of the bathroom, and thus, he cannot receive the only relief requested in the Complaint. *Hooks*, 2012 WL 6674491, at *2 (concluding that prisoner was not entitled to bring a claim for emotional distress in the absence of showing a physical injury); *see also Chien v. Commonwealth of Virginia*, No. 1:17CV677, 2018 WL 1157548, at *6 (E.D. Va. Mar. 5, 2018) (unpublished) (concluding that plaintiff's alleged injuries of public disgrace, shame, and embarrassment were insufficient on their own to rise to the level of a serious or significant emotional injury cognizable under the Eighth Amendment). As

9

such, Plaintiff's complaint (when viewed in the light most favorable to him and with the benefit of all reasonable inferences) does not plausibly allege that Defendants violated his constitutional rights.

### B. Plaintiff's Response to Defendants' Motions to Dismiss

As previously noted, Plaintiff has filed a response to Defendants' motions to dismiss. (*See* Docket Entry 17.) To the extent Plaintiff seeks an extension of time to file a "proper response" to Defendants' motions to dismiss, the undersigned will deny that request for the following reasons. First, the undersigned notes that more than six months have passed since Plaintiff filed the letter document purportedly seeking an extension of time to file a responsive brief, yet Plaintiff has not filed any document to this Court explaining why his action should not be dismissed under Rule 12(b)(6), even though ample time has passed. Second, Plaintiff noted that he wanted additional time to file a proper response, because he could not respond without the "witness affidavits," as they were "vital" to filing a "proper response" against Defendants' motion to dismiss. (Docket Entry 17 at 2.) However, Plaintiff obtaining witness affidavits was not necessary for him to respond to Defendants' motions to dismiss, as he only needed to file a response to Defendants' brief that was based on the pleadings of the case and the applicable law, and the affidavits would not be considered on a Rule 12(b)(6) motion. *See Melton v. Freeland*, Nos. 1:96CV516, 1:96CV517, 1997 WL 382054, at *2 (M.D.N.C. Feb. 6, 1997) (noting that the Federal Rules of Civil Procedure allow a court, in its discretion, to grant extensions of time for good cause; concluding that an extension of time was unwarranted, because plaintiff misapprehended the documents she needed to file in response to defendants' motion to dismiss, specifically it was not necessary for her to compile her medical records to

respond, as she only needed to file a response to defendants' brief that was based on the pleadings in the case and the applicable law); *see also Shore v. Charlotte-Mecklenburg Hosp. Auth.*, 412 F. Supp.3d 568, 573 (M.D.N.C. 2019) (noting that even though matters outside the pleadings are generally not considered on a Rule 12(b)(6) motion, the court can consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice). Thus, the undersigned finds that Plaintiff has not shown good cause for extending the time to respond to Defendants' motion to dismiss, and Plaintiff's request will be denied.

### III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendants Deputies Shaver, Whitaker, and Escue motion to dismiss (Docket Entry 10) and Defendant Deputy McGuire's motion to dismiss (Docket Entry 14) be **GRANTED** and that the claims against Defendants be dismissed.

**IT IS HEREBY ORDERED** that to the extent Plaintiff seeks an extension of time to file a "proper response" to Defendants' motions to dismiss (Docket Entry 17), that request is **DENIED**.

Joe L. Webster
United States Magistrate Judge

September 15, 2022
Durham, North Carolina